**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

Ronnie C. Hogue,

    Plaintiff pro se,

v.                                    Civil Action No.1:18-cv-00389(KBJ)

COASTAL INTERNATIONAL SECURITY,

INC. and AKAL SECURITY, INC.,

    Defendants,

## ORDER REQUIRING PRO SE PLAINTIFF

## TO FILE AN AMENDED COMPLAINT

I Ronnie C. Hogue wish to file charges against my employer, Coastal International Security (C.I.S.) and its parent company AKAL Security Inc.

C.I.S. does business in Washington D.C. at different government sites. The sites at which I worked were the Ronald Reagan Building (RRB) and Department of Commerce (D.O.C.). I did not work at D.O.C. as an employee but as the President of the local union, Special Police Fireman Professionals of America (SPFPA). At the RRB site I was an armed GSA guard and President of Local SPFPA 287. During the years 2012 to the present. During this period of time I been discriminated against because of my race, age, ethics and being President of Local Union 287.

Coastal International Security CIS) and AKAL violated my civil rights under Title VII of the Civil Rights Act of 1964 and 42U.S.C. 1981 Act. They also violated my rights under the National Labor Relation Act, section 7, 8 and 9 in addition to repudiating the Collective Bargaining Agreement (CBA) between CIS management and its parent company AKAL. They retaliated, harassed and violated the U.S. Labor Laws, Wage and Salary.

I. **Under Discrimination:**

On about November 2014 **FACT**, the Plaintiff was suspended and later terminated for sleeping on post. **FACT,** Plaintiff grieved his complaint to Federal Arbitration. On October 11, 2016 the Federal Arbitrator exonerated the Plaintiff and and CIS/AKAL terminated Plaintiff "without just cause" and violated his Civil Rights (see attachment A1 and A2).

Other past discrimination before final termination. **FACT**, on about October 2008 after I finished my training to be hired, I was told by Human Resources (HR) that I will be going to the Drug Enforcement Agency (DEA). You have to have clearance to work at DEA, I has acquired a five year suitability and a five year clearance. At the last moment Coastal management rejected the plaintiff be sent to DEA and was sent to the Ronald Reagan Building (RRB) on a n Entrance post position. The lowest position the site had for armed guards Going to the DEA would have been a promotion, more pay and clearance status.

**FACT**, another time I was denied a promotion was after a year the DEA promotion position opened up again. The Contract Manager, Mr. Duran told management to send me to DEA. I went to an interview for the position and was accepted. The new contract manager, Mr. K. Williams of the RRB site stopped me from going. I appealed to Mr. Duran the new Regional Manager and told the contract manager to put me at the DEA opening. Mr. K. Williams refused, I appealed to HR and Mr. Duran and was ignored.

FACT, about six months later two white males came to the site (RRB) as new employees, no experience or seniority. After three months Mr. Williams, the contract manager sent them to DEA. I protested to Mr. Williams and he told me he would send me next time with no further explanation. FACT. The next time came about six months later. A new employee from training, a new citizen, to the United States from Africa, having a degree in History. I had a degree in business B.B.A. and fore years seniority over him. Mr. Williams sent him to DEA reneging on his promise that I would be the next to be sent to a DEA position when it became available.

**FACT**, in about six months to a year I was terminated. The termination destroyed my life style, livelihood and family. By losing my job my income went to zero. I exhausted my savings and my retirement funds after which I was unable to pay my bills or rent and therefore was evicted from my apartment and became homeless and lived as a street person for five to ten days. Finally, I was put in a county male home for the homeless. Living among drugs addicts, felons and other homeless men. I could not get a decent job and acquired a mental disability due to losing my healthcare insurance. Also, I lost multiple teeth due to losing my dental insurance coverage which I lost due to my abrupt termination.

**For relief** I am asking the court to reward me all of my back pay from the wrongful suspensions and the wrongful termination, which include, vacation pay, sick leave, promotional lost pay and other lost monetary fee. I am asking the court to reward me <u>ten times $65.000,</u> my base pay per years. Which represents the number of years I would probably have worked before retiring. Coastal refuses to rehire me back and they lost the contract. The new contractors hired the same management Coastal personnel, that terminated and violated me and my rights. Due to the numerous federal violations of other contracts they have been barred from obtaining any government contracts I am also asking for every year that I was suspended and terminated accumulated which is four and a half years to this date. I am asking punitive damages of one million dollars for every year since my termination. Due to their blatant, mean and malicious acts at the expense of my life for their profit, intimidation and racism. The court needs to be encouraged to give punitive damages to stop them from destroying a persons life and from violating civil rights which include their race, age, affiliations of groups (unions)and career potential. By awarding the plaintive this will stop other contractors from institutionalizing and taking advantage of collective bargaining agreement contracts (CBAs) for their own greed and/or profit.

2

II.     **UNDER HARASSMENT**

Since 2012 when Mr. K. Williams became the contract manager at the RRB site, he and his management team continued to harass me up to my termination and afterwards when I tried to be reinstated back to work. **FACT,** early 2012 the plaintiff became the shop steward for the local union. Mr. Williams refused to sign the grievance form that I presented for an employee. I went to him to have him the grievance form and he refused. Because the plaintiff at the time, as a shop steward, brought the form to him to sign he suspended the plaintiff three days of lost pay. The plaintiff filed a complaint to the National Labor Relations Board (NLRB) in Washington D. C. The NLRB ruled that Coastal was wrong in refusing to sign the agreements and suspending the plaintiff for three days. NLRB made Coastal sign a ruling that CIS violated my civil rights and section 7,8 and 9 of the National Labor Act **(see document B)**. They also made CIIS reimburse my three day lost pay (see document B).

When I became President of the union I received multiple unjust harassment from Coastal management. **FACT,** a three day suspension for tardiness, five day suspension for wrongful signing in and a thirty day suspension without pay for insubordination to a supervisor without having a hearing to let the union grieve the case. The plaintiff had no prior write-ups in his disciplinary folder with a year (note: see St. Clair County, 80 LA 516,520 (Roumell Jr. 1983), (Pacific Tel & Tel Co. 262 NLRB, 1048, 1048-1049 (1982). If an employer is going to discipline and employee under the just cause standard the employer must make a thorough investigation which includes the employee's version of the facts before the discipline is rendered. Also, Climax Molybdenum Co., 227 NLRB 1189,1190 (1977) (The right to representation clearly embraces the right to prior consultation). As the court should note the National Labor Relations Act is codified as Title 29 of the USC code, Sections 141-187. Other harassments **FACT,** five to six months prior to being suspended and terminated Mr. Williams, the contract manager came to the third shift guard mount meeting and threatened the plaintiff and others in attendance. Mr. Williams stated that someone on the third shift was speaking to Federal Protection Service (FPS) that Mr. Williams staff was doing wrongful behavior. The contract manager Mr. Williams looked at the plaintiff and said "you know what my grandma said, snitches get stitches". The plaintiff and others complained to HR and the Regional Manager and nothing was done. After that meeting the plaintiff was suspended again and terminated. **FACT,** prior to the arbitration meeting CIS management threatened the plaintiff to get out of the RRB building at the public food court for talking and greeting co-workers. In another instance plaintiff was told by upper management to go to RRB for training classes. Mr. Williams interceded and told the person in charge of scheduling training not schedule the plaintiff and proceded to tell the plaintiff to get out of the RRB building and not to come back. The plaintiff went home and emailed the regional HR, the attorney who represented Coastal and the attorney who represented the Union, and Joel Mc Cray, Vice President of the International Union of what Mr. Williams did to him, the plaintiff. Another harassment incident **FACT** , plaintiff came to RRB to see the FPS concerning a previous assault investigation of Captain Abu. Plaintiff passed 13 and Half post and an armed officer said something to the plaintiff and the plaintiff asked the guard if he was still lying on people. The guard angrily called the plaintiff an old ass mf and that he would kill me. He came after the plaintiff and his fellow coworkers restrained him. That day I filed a complaint to Mr. Williams and an FPS officer. The officer took my complaint was refenced ref #18014003. It was on March 2018 at RRB 13 and Half St.. I asked the FPS officers to look at the cameras that would have recorded the incident. Plaintiff was shaken up emotionally and consulted his doctor about anxiety attack and insomnia. Under the CBA it is

2

a violation to harass/threaten employees. I also filed charges at the DC Human Rights, under my right to work in Washington DC was violated and also discriminated against my age and race (**see documents C1, C,2 C3, and C4**).

**In relief** I am asking for the same as I did in the discrimination charge. That I get all the lost time, money and punitive damages rewarded with these charges. That I be made whole again except I do not want to return to work at the RRB or Coastal site. CIS lost the contract and the new contractor hired management team to run the operations at RRB site. Therefore I am asking for severance pay up to ten years of pay along with punitive damages of 1 million dollars for each year I have been out of work, which is four and a half years so far. Therefore that come out to 4.5 million dollars and counting.

### III.     RETALIATION

Ronnie Hogue, the plaintiff is filing retaliation charges against CIS/AKAL under the Civil Rights Act of 1964, EEOC Retaliation, the National Labor Relations Act, section 8 (A) (4), 42 USC 1981 – section under retaliation.

**FACT**, Coastal have been retaliating against the plaintiff since he was a shop steward, filing grievances and NLRB charges against Coastal up until the time plaintiff was terminated from the company the first time and two more terminations. When ordered back to work by the arbitrator who exonerated the plaintiff (**see documents A1 and A2 and exhibit A3**). CIS did not reinstate plaintiff in good faith as ordered. The plaintiff was to be treated as same fellow workers as if he were never terminated. I was not given the pay correctly or the same training. It took the plaintiff two times to appeal to the arbitrator that CIS refused to take the plaintiff back. This tactic by CIS, fighting the grievance process of the CBA, the mediation process, and now the arbitration process violate the NLRB acts, in which CIC/AKAL trying to bankrupt the plaintiff and the Local Union 287, is a violation of the law not acting in good faith, CBA Article 1.1. Also referred to Hoffman Air and Filtration System 316 NLRB 353, 357, (1995) (denial of 238 of 239 grievances, instruction to foreman not to discuss at step 2, summary denial at step 3, apparent attempt to bankrupt union treasurer). Plaintiff had to spend his own money to pay for expired credentials, over a thousand dollars expense. **FACT**, it took CIS over six weeks to give plaintiff complete uniform gear. You cannot practice or train at Coastal training facility without full uniform, company policy. On average it only takes only one to three days to receive a full uniform, see documents of filing multiple retaliation charges of EEOC, DC Human Rights and NLRB (see document C1, C2, C3, C4). There are other multiple retaliation acts CIS has committed against the plaintiff not mentioned but will be proven when discovery and litigation are done.

Again, **for relief** the plaintiff is asking the court to make him whole again as the arbitrator stated. Also give back all pay of suspensions and terminations for November 2014 to present, all plaintiff seniority

and all commensurate benefits, vacation, sick leave, holiday pay, group health care package, pension, reimbursement of stock investments.

### IV. VIOLATION OF FEDERAL LABOR and WAGES LAW

Plaintiff accused CIS/AKAL of violation of plaintiff's right to get his proper breaks out of the CBA. They also violated the labor laws wage and salary, by not reporting a change in breaks. **FACT**, on about 2012 of January, CIS decided to change break procedure not according to the CBA Break Procedure. Coastal stopped paying plaintiff and other employees only a half hour, two fifteen minute breaks. This was not practiced for over ten years. That CIS did not consult the union or get a CBA appendix change in the break policy for employees.

**In relief**, the plaintiff is asking the court to reverse the wrongful practice of breaking employees and give back to the plaintiff from 2012 of January every 40 hours work week each 8 hour be given two fifteen minutes paid breaks back that would be five half hours paid breaks be given back to plaintiff and other employees. Coastal might also be violating the IRS law of racketeering, not reporting correctly misappropriation of federal funds

### V. MULTIPLE VIOLATIONS OF THE CBA

CIS has blatantly violated the seniority rule, scheduling and training. **FACT**, on about 2012 CIS decided to disregard the seniority rule which oversees promotion, scheduling, and giving out post positions according to seniority

**In relief**, the plaintiff asks the court to reverse the violation and to follow and practice the CBA Rules and Regulations under the seniority rule that was in place over ten years practice.

The plaintiff would also like to reserve the right to sue management employees who went beyond the companies book of ethics that is signed off on. The plaintiff would do this after deposition and discovery.

I pray to the Courts that the plaintiff be granted his reliefs. To relieve and make the plaintiff whole again and compensate this terrible ordeal he was subjected to from January 2012 to the present.

I, the plaintiff Ronnie Hogue under oath swear the statement I have made are true.

*[signature]*
Pro-se
240-432-6517

May 5, 2019

RECEIVED
2019 MAY -6 AM 8:21
CLERK US DISTRICT & BANKRUPTCY COURTS

NOW THEREFORE, as the duly selected Arbitrator, having heard the evidence presented, I hereby issue the following:

## AWARD

(1) The Company did not have just cause to terminate the employment of Ronnie C. Hogue.

(2) As a remedy, the Grievant shall be reinstated, effective immediately, with no back pay, but with seniority and commensurate benefits (i.e., the benefits the Grievant would have received but for his termination) to his position as a Protective Service Officer with Coastal International Security, Inc. at the Reagan Federal Building.

(3) The grievance is sustained.

(4) The Arbitrator shall retain jurisdiction sine die to address any issues that may arise in the implementation or interpretation of the remedy portion of this Award.

October 11, 2016

Robert T. Simmelkjaer
Robert T. Simmelkjaer
Arbitrator

*attachment A 1*

2

FEDERAL MEDIATION AND CONCILIATION SERVICE
WASHINGTON, D.C.

---

IN THE MATTER OF ARBITRATION )
)
between )
) OPINION
INTERNATIONAL UNION OF POLICE, SECURITY ) AND
AND FIRE PROFESSIONALS OF AMERICA, ) AWARD
(SPFPA), AMALGAMATED LOCAL 287, )
                                         Union )
)
and )
)
COASTAL INTERNATIONAL SECURITY, INC., )
                                       Employer )

RE: Discharge of Ronnie Hogue
FMCS Case No. 150723-02148-3

---

Before: Prof. Robert T. Simmelkjaer, Esq.
           Arbitrator

*[handwritten annotation: FIRST AWARD Judgement COASTAL Refuse to Put me on the Payroll. January 9th 2017]*

**APPEARANCES**

**FOR THE UNION**

Michael J. Atkins, Esq., Gregory Moore Jeakle & Brooks, P.C.

**FOR THE COMPANY**

Dion Y. Kohler, Esq., Jackson Lewis, P.C.

*[handwritten: attachment A 2]*

fails to meet the requalification requirements, then the Company will have complied with the Arbitrator's award and its remedy. If FPS makes an independent "unfavorable determination" that Mr. Hogue is "unsuitable" to work under the contract between Coastal and FPS, despite the Company's best efforts to have him reinstated, assuming he has satisfied the requalification criteria, the Union may pursue its contractual and legal options, including, but not limited to, the FPS appeals process. See, <u>FPS Contract, Section 5.3.4.</u>

In the Arbitrator's opinion, the court decisions cited by the Union, in the aggregate, stand for the proposition that an arbitration award, as here, ordering that a Grievant be returned to the Company's payroll pursuant to a finding that the Grievant's termination was not for just cause, will be upheld irrespective of any action that the Company's client might take, particularly when the potential impact of the Company's contract with its client is not raised during the hearing. In the instant case, the Arbitrator's Award and remedy was issued independent of any conditions set forth in the Coastal-FPS Contract and therefore the Employer's resort to this contingency after the fact can neither negate nor defer the Arbitrator's intent that Mr. Hogue be reinstated to <u>the Coastal payroll, effective immediately and unconditionally.</u>

Once the Grievant is reinstated to the payroll and retained on the payroll in good faith by the Company, the Arbitrator will be *functus officio* in this matter.

*see Exhibit "A"* 3

Very truly yours,

*Robert T. Simmelkjaer*

SECOND AWARD Judgement   Robert T. Simmelkjaer

10/10/2016

ON MAY 24, 2017 COASTAL without due process and didn't get permission from the Federal Arbitrator. Terminated me any way. I WAS MAKING $5,000 per month. Also I WAS medical Handicap under doctor care. This has cost great hardship on my family and I

RCA-

4

9       2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete this entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, within 180 days or in some places within 300 days of the alleged discrimination. When we receive this form, we will review it to determine EEOC coverage. Answer all questions completely, and attach additional pages if needed to complete your responses. If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "N/A." (PLEASE PRINT)

570-2017-02020N

**1. Personal Information**

Last Name: Hogue   First Name: Ronnie   MI: C
Street or Mailing Address: 6514 Marlboro Pike
City: District Heights   County: P.G.   State: MD   Zip: 20753   Apt or Unit #: 471536
Phone Numbers: Home: (240) 832-6517   Work: ( )
Cell: ( ) same   Email Address:
Date of Birth: 10/26/1950   Sex: ☒ Male ☐ Female   Do You Have a Disability? ☒ Yes ☐ No

Please answer each of the next three questions.
i. Are you Hispanic or Latino? ☐ Yes ☒ No
ii. What is your Race? Please choose all that apply. ☐ American Indian or Alaskan Native ☐ Asian ☐ White ☒ Black or African American ☐ Native Hawaiian or Other Pacific Islander
iii. What is your National Origin (country of origin or ancestry)? USA

Please Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:
Name: _____   Relationship: _____
Address: _____ City: _____ State: _____ Zip Code: _____
Home Phone: ( ) _____ Other Phone: ( ) _____

**2.** I believe that I was discriminated against by the following organization(s): (Check those that apply)
☒ Employer ☐ Union ☐ Employment Agency ☐ Other (Please Specify) _____

Organization Contact Information (If the organization is an employer, provide the address where you actually worked. If you work from home, check here ☐ and provide the address of the office to which you reported.) If more than one employer is involved, attach additional sheets.
Organization Name: Coastal International Security Inc./AKA
Address: 1300 PA. Ave N.W.   County: USA
City: Washington   State: DC   Zip: 20022   Phone: (202) 565 1988
Type of Business: Security   Job Location if different from Org. Address: _____
Human Resources Director or Owner Name: Nkrumah Williams   Phone: (202) 565
Number of Employees in the Organization at All Locations: Please Check (✓) One
☐ Fewer Than 15  ☐ 15 - 100  ☐ 101 - 200  ☒ 201 - 500  ☐ More than 500

**3. Your Employment Data** (Complete as many items as you are able.) Are you a federal employee? ☐ Yes ☒ No
Date Hired: 10/8/08   Job Title At Hire: P.SO. Armed Guard
Pay Rate When Hired: 26.00+   Last or Current Pay Rate: 33.90 hr
Job Title at Time of Alleged Discrimination: Armed Guard   Date Quit/Discharged: 5/30/17
Name and Title of Immediate Supervisor: Nkrumah Williams
If Job Applicant, Date You Applied for Job _____ Job Title Applied For _____

C 1

10

4. What is the reason (basis) for your claim of employment discrimination?

FOR EXAMPLE, if you feel that you were treated worse than someone else because of race, you should check the box next to Race. If you feel you were treated worse for several reasons, such as your sex, religion and national origin, you should check all that apply. If you complained about discrimination, participated in someone else's complaint, or filed a charge of discrimination, and a negative action was threatened or taken, you should check the box next to Retaliation.

☒ Race  ☒ Sex  ☒ Age  ☒ Disability  ☐ National Origin  ☐ Religion  ☒ Retaliation  ☐ Pregnancy  ☒ Color (typically a difference in skin shade within the same race)  ☐ Genetic Information; circle which type(s) of genetic information is involved: i. genetic testing   ii. family medical history   iii. genetic services (genetic services means counseling, education or testing)

If you checked color, religion or national origin, please specify: American Black ___ men ___ having prejudice against light skin William is African

If you checked genetic information, how did the employer obtain the genetic information? _____

Other reason (basis) for discrimination (Explain): _____

5. What happened to you that you believe was discriminatory? Include the date(s) of harm, the action(s), and the name(s) and title(s) of the person(s) who you believe discriminated against you. Please attach additional pages if needed. (Example: 10/02/06 – Discharged by Mr. John Soto, Production Supervisor)

A. Date: 9/17  Action: Coastal was ordered to reinstate back to work with all seniority as before pay training etc I file a complaint

Name and Title of Person(s) Responsible: Kevin Williams, Contract Manager

B. Date: 5/25/2017  Action: terminated against without federal arbitrator knowledge and permission

Name and Title of Person(s) Responsible: SEVA Singh, Vice Pres Human Resource AKA /

6. Why do you believe these actions were discriminatory? Please attach additional pages if needed.
On Oct 10 2016 A federal arbitrator rule that I was deprived of my civil rights & order me back to work.

7. What reason(s) were given to you for the acts you consider discriminatory? By whom? His or Her Job Title?
That I didn't past any qualification classes. Siri Chand

8. Describe who was in the same or similar situation as you and how they were treated. For example, who else applied for the same job you did, who else had the same attendance record, or who else had the same performance? Provide the race, sex, age, national origin, religion, or disability of these individuals, if known, and if it relates to your claim of discrimination. For example, if your complaint alleges race discrimination, provide the race of each person; if it alleges sex discrimination, provide the sex of each person; and so on. Use additional sheets if needed.

Of the persons in the same or similar situation as you, who was treated *better* than you?

| Full Name | Race, Sex, Age, National Origin, Religion or Disability | Job Title | Description of Treatment |
|---|---|---|---|
| A. Was given late when research notes | | | |
| B. | | | |

(R.) 11                                                                                                              C-2

Of the persons in the same or similar situation as you, who was treated *worse* than you?
   Full Name          Race, Sex, Age, National Origin, Religion or Disability   Job Title        Description of Treatment

A. will gene later after checking notes

B. _____

Of the persons in the same or similar situation as you, who was treated the *same* as you?
   Full Name          Race, Sex, Age, National Origin, Religion or Disability   Job Title        Description of Treatment

A. _____

B. _____

Answer questions 9-12 **only** if you are claiming discrimination based on disability. If not, skip to question 13. Please tell us if you have more than one disability. Please add additional pages if needed.

9. Please check all that apply:
   ☒ Yes, I have a disability
   ☐ I do not have a disability now but I did have one
   ☐ No disability but the organization treats me as if I am disabled

10. What is the disability that you believe is the reason for the adverse action taken against you? Does this disability prevent or limit you from doing anything? (e.g., lifting, sleeping, breathing, walking, caring for yourself, working, etc.).
was diagnosed with a mental depression. Was refuse health care and

11. Do you use medications, medical equipment or anything else to lessen or eliminate the symptoms of your disability?
   ☒ Yes  ☐ No
If "Yes," what medication, medical equipment or other assistance do you use?
_____

12. Did you ask your employer for any changes or assistance to do your job because of your disability?
   ☐ Yes  ☒ No
If "Yes," when did you ask? _____  How did you ask (verbally or in writing)? _____
Who did you ask? (Provide full name and job title of person)
_____

Describe the changes or assistance that you asked for: _____

How did your employer respond to your request? ignored me

12

C-3

Case 1:18-cv-00389-KBJ Document 27 Filed 05/06/19 Page 13 of 18

13. Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and tell us what they will say. (Please attach additional pages if needed to complete your response)

| Full Name | Job Title | Address & Phone Number | What do you believe this person will tell us? |
|---|---|---|---|
| A. Roman Gumel | Director Union SPFPA | 586-501-3174 | That I was wrongfully terminated |
| B. Mike Akins | Attorney for Union SPFPA | 313-964-4211 | |
| Joe McCray | Vice Pres. Union SPFPA | 586-501-3174 | |

14. Have you filed a charge previously on this matter with the EEOC or another agency? ☒ Yes ☐ No

15. If you filed a complaint with another agency, provide the name of agency and the date of filing: Human Rights
In Washington D.C.

16. Have you sought help about this situation from a union, an attorney, or any other source? ☐ Yes ☒ No
Provide name of organization, name of person you spoke with and date of contact. Results, if any?

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so either within 180 days from the day you knew about the discrimination; or within 300 days from the day you knew about the discrimination if the employer is located in a place where a state or local government agency enforces laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you would like more information before filing a charge or you have concerns about EEOC's notifying the employer, union, or employment agency about your charge, you may wish to check Box 1. If you want to file a charge, you should check Box 2.

BOX 1 ☐ I want to talk to an EEOC employee before deciding whether to file a charge. I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

BOX 2 ☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, genetic information, or retaliation for opposing discrimination.

_Signature_   8/22/2017   Today's Date

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1) FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08). 2) AUTHORITY. 42 U.S.C. § 2000e-5(b); 29 U.S.C. § 211, 29 U.S.C. § 626. 42 U.S.C. 12117(a)
3) PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge. 4) ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5) WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. Providing this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge. It is not mandatory that this form be used to provide the requested information.

November 2009

13

C-4

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other Information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>570-2017-01183 |
|---|---|---|

D.C. Office Of Human Rights  and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Ronnie C. Hogue | Home Phone (Incl. Area Code)<br>(240) 432-6515 | Date of Birth<br>1950 |
|---|---|---|
| Street Address<br>654 Marlboro Pike | City, State and ZIP Code<br>District Heights, MD 20753 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>COASTAL INTERNATIONAL SECURITY | No. Employees, Members<br>500 or More | Phone No. (Include Area Code)<br>(703) 339-0233 |
|---|---|---|
| Street Address<br>Ronald Reagan Building<br>1300 Pennsylvania Avenue, N.W. | City, State and ZIP Code<br>Washington, DC 20004 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-10-2016   Latest: 04-04-2017
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about October 10, 2016, an arbitration judge ordered my employer to reinstate me with salary, seniority and all benefits including health insurance. I received back-pay but no vacation pay and no health insurance. In order to return to work, I need to get all the necessary certifications and credentials. I signed for numerous classes to get training, however, I have been informed that all the classes are full. I believe my employer is retaliating against me because I was successful with the arbitration.

I believe that I have been discriminated against based on my race, sex and national origin, American Black male, and retaliated against, in violation of the Title VII of the Civil Rights Act of 1964, as amended.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Apr 04, 2017
Date     *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

14

P-1

# Employment Intake Questionnaire
## Complaint Questionnaire


Office of Human Rights
DISTRICT OF COLUMBIA

The District of Columbia Human Rights Act and its extensive list of protected traits seeks to eradicate discrimination, and promote fairness and equality in key areas that impact quality of life: employment, education, places of public accommodation and housing. You may file a discrimination complaint if you believe you have been discriminated against in employment, housing, public accommodations and educational institutions based on a protected trait in the District of Columbia (listed in the basis of complaint section below).

## Jurisdiction

To file a complaint, the alleged violation must meet the following criteria (please check the required boxes):

- It occurred in the District of Columbia.
- It occurred 365 days or less from today's date.
- You have not commenced any other action, civil, criminal or administrative based on the same unlawful discriminatory practice described herein.

## Complainant Information

**Complainant Preferred Name**
RONNIE HOGUE

**Complainant Address**
1300 Pennsylvania Ave. N.W.
Room B-1
Washington DC. 20022

**Complainant Telephone Number**
202/595-5822

**Complainant Email Address**
ronnieh141@gmail.com

**Do you need a reasonable accommodation?**
Yes  (No)

If yes, please explain

**What language do you prefer to communicate in?**
(English)   Chinese   Korean   Vietnamese
Amharic   French   Spanish
Other:

**Do you require a language interpreter?**
Yes  (No)

If yes, which language?
Language indicated above
Other _____

**Do you have a preferred gender pronoun (write below)?**

## Incident Information

**Name of Company or Organization**
Coastal International Security, INC

**Name and Title of Principle Officer (i.e. owner or manager)**
Nkrumah Williams
Contract Manager

**Company or Organization Address**
1300 PA. Ave. N.W.
Washington DC. 20022

**Telephone Number**
202/595-5822

**Fax Number (optional)**

**Email Address of Principle Officer**

## Basis of Complaint

Basis is the category to which you belong or were perceived to belong and were allegedly treated differently because of. Do you feel you were discriminated against because of your (please check appropriate box or boxes):

(Race)        (Disability)        Religion
(Sex)         (Age)               National Origin
Personal       Color              Sexual Orientation
Appearance
Marital Status  Matriculation     Genetic Information
Gender Identity (Political Affiliation)  Family Responsibilities
or Expression

D-2

15

## Issues

**What action was taken that made you feel you were treated differently?**

- (Family and Medical Leave Act) ✓
- Promotion or Lack of Promotion
- Sexual Harassment
- (Hostile Work Environment) ✓
- (Retaliation) ✓
- Transfer
- Failure to Accommodate
- Failure to Hire
- (Discharge) ✓
- Demotion
- Discipline
- Other

## Additional Information About the Incident

COASTAL disobey a Federal Arbitrator order that I be reinstated unconditionally. That COASTAL Terminated me without the permission of the Federal Arbitrator. This is the third time this occur. Violating my federal civil Rights under the 1964 Civil Rights Acts.

### DC Government Employees or Applicants Only

Current, former, or prospective DC government employees must consult an agency EEO counselor within 180 days of the alleged discriminatory act prior to filing with OHR, except when alleging sexual harassment. OHR cannot process a complaint related to DC Government employment unless (1) you have received an exit letter from an agency EEO Counselor; or (2) 30 days have passed since the matter was called to the attention of the agency's EEO Counselor and no exit letter has been issued.

☐ You have filed an informal complaint with an agency assigned EEO Officer/Counselor

Counselor Name:

Counselor Agency:

Counselor Tel Number:

Date Filed:

Date of Exit Letter:

### For DC Family & Medical Leave Act Complaint

Have you been employed with the company for at least one year and worked at least 1,000 hours?
(Yes) ✓   No

### Attorney or Counsel Information (optional)

Counsel Name:

Counsel Address:

Counsel Telephone Number:

Counsel Fax Number:

### Witnesses

List whom you feel can corroborate your experience and provide evidence in your support:

Name: Joe McCray
Phone: 916 501 3674
Email:

Name: Mike Akins
Phone: 313 964 4211
Email:

## Acknowledgment

I want to file a charge of discrimination, and I authorize OHR to investigate the discrimination I described above. I understand the agency must give the employer, union, or employment agency I accuse of discrimination information about the charge, including my name. I acknowledge OHR may also investigate additional claims using other civil rights laws in the District of Columbia.

Complainant Signature: [signed]
(type initials if a digital submission)

Date: 8/21/2017

### How did you find out about the Office of Human Rights?

- Family or Friend
- DC Government or 311
- OHR Advertisement
- OHR Social Media
- OHR Brochure or Flyer
- OHR Website or Internet
- Event or Training
- (Lawyer/Community Org) ✓
- Other

Please return this form by mail or in-person to 441 4th Street NW, Suite 570N, Washington DC, 20001 or by email to ohr.intake@dc.gov.

16                                                                 D-3

RM NLRB-4722
(6-09)

 

# NOTICE TO EMPLOYEES

## POSTED PURSUANT TO A SETTLEMENT AGREEMENT APPROVED BY A REGIONAL DIRECTOR OF THE NATIONAL LABOR RELATIONS BOARD

### AN AGENCY OF THE UNITED STATES GOVERNMENT

FEDERAL LAW GIVES YOU THE RIGHT TO:

- Form, join, or assist a union;
- Choose a representative to bargain with us on your behalf;
- Act together with other employees for your benefit and protection;
- Choose not to engage in any of these protected activities.

WE WILL NOT do anything to prevent you from exercising the above rights.

WE WILL NOT state or imply that the collective bargaining agreement is irrelevant.

WE WILL NOT threaten you with discipline for reasonably asserting rights accorded to you in a collective bargaining agreement.

WE WILL NOT assign you to less favorable posts for reasonably asserting rights accorded to you in a collective bargaining agreement.

WE WILL NOT suspend you for reasonably asserting rights accorded to you in a collective bargaining agreement.

WE WILL NOT deny your requests to have representatives of International Union, Security, Police and Fire Professionals of America, Local 287 present during investigatory interviews.

WE WILL remove from our files all references to the suspension of Ronnie Hogue and WE WILL notify him in writing that this has been done and that the suspension will not be used against him in any way.

WE WILL pay employee Ronnie Hogue for the wages and other benefits he lost because we suspended him.

WE WILL NOT in any like or related manner interfere with your rights under Section 7 of the Act.

COASTAL INTERNATIONAL SECCURITY, INC.
(Employer)

Dated: _____ By: _____ _____
                  (Representative)      (Title)

National Labor Relations Board, Region 5
100 S. Charles Street, Suite 600, Baltimore, MD 21201
Telephone: (410) 962-2822
Hours of Operation: 8:15 a.m. to 4:45 p.m.

Washington Resident Office
1099 14th Street, NW, Washington, DC 20570
Telephone: (202) 208-3000
Hours of Operation: 8:15 a.m. to 4:45 p.m.

The National Labor Relations Board is an independent Federal agency created in 1935 to enforce the National Labor Relations Act. It conducts secret-ballot elections to determine whether employees want union representation and it investigates and remedies unfair labor practices by employers and unions. To find out more about your rights under the Act and how to file a charge or election petition, you may speak confidentially to any agent with the Board's Regional Office set forth below. You may also obtain information from the Board's website: www.nlrb.gov and the toll-free number (866)667-NLRB (6572).

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office.

17

## CERTIFICATE OF SERVICE

I, Ronnie Hogue, pro-se, hereby certify that I mailed the ORDER TO File AN AMENDED Complaint of Civil Action Case No. 1:18-cv-00389 (KBJ)

To the following counselors

Linda Otaigbe, ESQ

Matthew F. Nieman, ESQ

Jackson Lewis P.C.

10701 Parkridge Boulevard
Suite 300

Reston, VA, 20191

Also RCH

RCH Pro-SE
Ronnie Hogue
240-432-6517
May, 5th 2019