IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNIE C. HOGUE, )<br>)<br>Plaintiff *pro se*, )<br>)<br>v. )<br>)<br>COASTAL INTERNATIONAL SECURITY, )<br>INC. and AKAL SECURITY, INC., )<br>)<br>Defendants. ) | Civil Action No. 1:18-cv-00389-KBJ |

**DEFENDANTS' MOTION TO CONSOLIDATE CASES AND AMEND MOTION TO DISMISS PLAINTIFF'S COMPLAINTS AND MEMORANDUM IN SUPPORT**

Defendants Coastal International Security, Inc. and Akal Security, Inc. (collectively the "Defendants"), by and through their undersigned counsel, pursuant to F.R.C.P. 42 and 12(b)6, move to consolidate *Ronnie C. Hogue v. Coastal International Security and Akal, Inc.*, Case No. 1:20-cv-02770-KBJ (the "Second Action"), with this action (the "First Action") and to amend their pending motion dismiss Plaintiff's Complaint for failure to state a claim for which relief may be granted to include the claims asserted by Plaintiff in the Second Action. In support of this motion, Defendants show to the Court the following:

**I. PROCEDURAL BACKGROUND**

The First Action was filed by Plaintiff on May 4, 2018. In his Complaint, Plaintiff asserts that the following statutes are relevant to his claims: 1) The Civil Rights Act of 1964; 2) The National Labor Relations Act, Sections 7, 8 and 9; 3) Unspecified "US Labor Laws Wage and Salary"; 4) Collective Bargaining Agreement; and 5) Statement of Work (SOW) violations. [Docket No. 1, Complaint, ¶ II (A).] More specifically, Plaintiff asserts in October 2014, he was falsely terminated, accused of wrongdoing and went to arbitration where he was "exonerated."

Complaint, ¶ III. He further asserts the Arbitrator ordered Defendant to reinstate Plaintiff and return him to the payroll with the same benefits as before he was terminated.  Complaint, ¶ III. For relief, Plaintiff seeks lost wages and benefits from October 2014 until October 11, 2016, which is the time period for which the Arbitrator did not award Plaintiff back pay. Complaint, ¶ IV; Dec. at p. 33.

On June 25, 2018, Defendants filed a motion to dismiss all of Plaintiff's claim and memorandum in support. [Docket No. 7.] On July 16, 2018, Plaintiff filed his opposition to Defendants' motion to dismiss. [Docket No. 11.] Defendants filed a Reply in Support of this motion on July 23, 2018. [Docket No. 12.] Plaintiff subsequently filed an additional supplemental opposition and related motion to Defendants' motion to dismiss. [Docket No. 15, 17.] On March 30, 2019, the Court issued an Order giving Plaintiff the opportunity to file an amended Complaint and denying without prejudice Defendants' motion to dismiss. [Docket No. 20.]

On May 6, 2019, Plaintiff filed an amended Complaint. [Docket No. 27.] In his Amended Complaint, Plaintiff asserts five claims: 1) discrimination; 2) harassment; 3) retaliation; 4) violation of federal and state wage laws; and 5) multiple violations of the CBA. *Id*. On May 30, 2019, Defendants filed a motion to dismiss all the Plaintiff's claims in his original and amended Complaint and filed their Answer. [Docket No. 28.] On July 14, 2019, Plaintiff filed a response to Defendants' motion to dismiss. [Docket No. 28.] Defendants filed a reply in support of its motion on July 16, 2019. [Docket No. 29.] A surreply was filed by both Plaintiff and Defendants. [Docket No. 30, 31 and 32.] On March 18, 2020, Plaintiff filed a motion to stay. [Docket No. 33.]

On May 28, 2020, Plaintiff filed a Complaint in the Superior Court of the District of Columbia, captioned *Ronnie C. Hogue v. Coastal International Security, Inc, and Akal, Inc*., which was assigned case number 2020-03202 (the "Second Action"). [Second Action, Docket No. 1.] In the Complaint, Plaintiff alleges that Defendants terminated his employment in 2014 in violation of: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"); and (2) Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"). Plaintiff seeks damages in excess of $5 million. [Second Action, Docket No. 1, Complaint p. 4-5.]

On, September 29, 2020, Defendants removed the Second Action from the Superior Court of the District of Columbia to the Federal District Court for the District of Columbia pursuant to 28 USC §1331 and 1332 on the basis of federal question and diversity jurisdiction. [Second Action, Docket No. 1.]

## II. BACKGROUND FACTS

The facts necessary for resolution of this motion are set forth in Defendants' pending motion to dismiss. [Docket No. 28.] To summarize, Coastal provides security services to government agencies such as the Federal Protective Services (FPS). Dec. at p. 5.[1] For many years, Coastal was party to a contract with FPS to provide armed security and related services to the Ronald Reagan Federal Building (RRB) in Washington, DC. Dec. at p. 5. Security officers are responsible for protecting the RRB and ensuring its occupants are safe. Dec. at p. 6. They are armed and carry a 9 mm semi-automatic pistol and ammunition. Dec. at p. 6. Security

---

[1] "Dec." refers to the decision of Arbitrator Simmelkjaer, which was issued on October 11, 2016. This Decision is attached as Exhibit 1 to Defendants original motion to dismiss and is referenced and attached in part by Plaintiff in the Complaint in the Second Action. Plaintiff also references this Decision in Paragraph IV of the Complaint in the First Action. In a motion to dismiss, the Court can consider documents which are referenced in the Complaint. *In re Domestic Airline Travel Antitrust Litig*., 221 F. Supp. 3d 46, 54-55 (D.D.C. 2016).

officers employed by Coastal at RRB are represented by the International Union of Police, Security, Police and Fire Professionals of America ("SPFPA"), Amalgamated Local 287 (hereinafter the "Union"). Dec. at p. 2.

Coastal and the Union were parties to a Collective Bargaining Agreement ("CBA"), which required "just cause" to discipline or discharge a security officer. Dec. at p. 3. Pursuant to the procedure for Arbitration contained in the CBA, a hearing was held before Arbitrator Robert T. Simmelkjaer, Esq. on July 14, 2016. Dec. at p. 1. The purpose of the hearing was to arbitrate the disciplinary grievance issued to Plaintiff. Dec. at p. 1.

This discipline was issued when the Company suspended Plaintiff after discovering a photograph of him sleeping at his post at RRB when he was armed and on duty. Dec. at p. 22. On November 5, 2014, the Union filed a grievance challenging Coastal's right to suspend the Plaintiff during its investigation. Dec. at p. 8. Plaintiff was terminated on or about November 7, 2014 at the conclusion of its investigation. Dec. at p. 9. Another grievance was filed by the Union on or about November 14, 2014, challenging Plaintiff's discharge. *Id*.

Plaintiff worked for Coastal at RRB for approximately six (6) years. Dec. at p. 11. In the year preceding the sleeping incident, Plaintiff received six (6) disciplinary actions including a suspension for insubordination, a final warning for an altercation with another officer and a 30-day suspension and another final warning for falsifying a government time report. *Id*.

Arbitrator Simmelkjaer issued his decision on October 11, 2016. Dec. at p. 34. The Arbitrator determined that Plaintiff's due process rights were violated because in his view, the Company did not conduct an adequate investigation of the sleeping incident. Dec. at p. 29. However, because Plaintiff admitted that the officer in the photograph appeared to be him and

4

could be asleep, the Arbitrator ordered reinstatement of Plaintiff with seniority and commensurate benefits, but without back pay. Dec. at p. 33.

In the Complaint in the Second Action, Plaintiff asserts no new facts. This time however, Plaintiff contends he was terminated by Defendants in retaliation for filing "a civil rights lawsuit" against Defendants. [Second Action, Docket No. 1, Complaint p. 2-3].

### III. ARGUMENT

#### A. The First and Second Actions Should Be Consolidated.

Under F.R.C.P 42, the court may consolidate actions which share a common issue of law or fact. The First Action and the Second Action share common facts surrounding Plaintiff's termination by Coastal and the issue of the timeliness of the claims, whether Plaintiff exhausted his administrative remedies and the reason for Plaintiff's termination. In addition, consolidating these actions would avoid unnecessary cost and delay by avoiding litigating essentially the same claims in two different cases. Therefore, consolidation of the First and Second Actions is appropriate.

#### B. The Proper Standard for Dismissal of Plaintiff's Claims.

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint in the Second Action must "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A complaint may withstand a motion to dismiss only if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a court evaluating a defendant's motion to dismiss must assume that all facts in the complaint are true, the court need not accept unsupported legal allegations. *Hettinga, et al. v. United States of America*, 677 F.3d 471, 476 (D.C. Cir. 2012). Nor must it accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Satisfying this obligation "requires more than labels and conclusions . . . [.] [A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, the factual allegations in the complaint "must be enough to raise a right to relief *above the speculative level* . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (emphasis added).

The Supreme Court has made clear that a complaint containing only naked assertions devoid of further factual enhancement will not survive a motion to dismiss. *Twombly*, 550 U.S. at 558; *Iqbal*, 556 U.S. at 678. Instead, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged in the complaint. *Id.*

### C. **Plaintiff's Claims Asserted in the First Action Fail to State a Claim.**

In his Amended Complaint, Plaintiff asserts five claims: 1) discrimination; 2) harassment; 3) retaliation; 4) violation of federal and state wage laws; and 5) multiple violations of the CBA. [Docket No. 27]. The reasons these claims fail to state a claim are set forth in Defendants' motion to dismiss all the Plaintiff's claims in his original and amended Complaint. [Docket No. 28.]

D. **Plaintiff's Retaliation Claims Asserted in the Second Action Under Title VII and Section 1981 are Time Barred and Plaintiff Failed to Exhaust His Administrative Remedies.**

In the Amended Complaint, Plaintiff asserts he was discriminated against because of his race and age in violation of Title VII and retaliated against in violation of Title VII. In the Second Action, Plaintiff also asserts a retaliation claim under Title VII for allegedly being terminated for filing "a civil rights lawsuit" against Defendants. Plaintiff does not plead in the Complaint in the Second Action (or the First Action) that he received a Notice of Right to Sue from the EEOC based on his charge filed with the DC Office of Human Rights or that he filed this action within ninety (90) days of his receipt of such Notice. Plaintiff asserted in response to Defendants' motion to dismiss the original Complaint in the First Action that he was issued a right to sue letter by the EEOC dated April 7, 2017, and that he received the Notice approximately two (2) weeks later. [Doc. #13 and Ex. B.] This means Plaintiff would have had until approximately June 21, 2017 to file the Second Action. Plaintiff did not file the Second Action until May 28, 2020, approximately two (2) years, eleven (11) months, and seven (7) days after the deadline. Thus, any claim for or retaliation under Title VII is time barred and barred by his failure to first exhaust his administrative remedies. 42 U.S.C. §2000e- 5(e)(1).

A claim for retaliation under Section 1981 must be brought within four (4) years of the date of the alleged retaliatory action. Lattisaw v. District of Columbia, 118 F. Supp. 3d 142, 156 (D.D.C. 2015), *citing* R.R. Donnelley & Sons Co., 541 U.S. 369 (2004); Johnson v. Lucent Techs., Inc., 653 F.3d 1000 (9th Cir. 2011). The deadline for Plaintiff to file the Second Action under Section 1981 was November 7, 2018, which is four (4) years after his termination. Plaintiff missed this deadline by approximately one (1) year, six (6) months, and twenty-one (21) days.

Thus, any claim for or retaliation under Section 1981 is also time barred.

## IV. CONCLUSION

**WHEREFORE**, Defendants respectfully requests that Plaintiff's Complaints in the First and Second Actions be dismissed in their entirety.

Respectfully submitted this 1st day of October 2020.

>  */s/* Linda U. Okoukoni
> Linda U. Okoukoni, Esq. (DC Bar No. 988776)
> **JACKSON LEWIS P.C.**
> 10701 Parkridge Boulevard, Suite 300
>  Reston, VA 20191
> (703) 483-8300 – Phone
> (703) 483-8301 – Fax
> Linda.Okoukoni@jacksonlewis.com
>
> ATTORNEY FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONNIE C. HOGUE, ) | |
| ) | |
| Plaintiff *pro se*, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-00389-KBJ |
| ) | |
| COASTAL INTERNATIONAL SECURITY, ) | |
| INC. and AKAL SECURITY, INC., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of October, 2020, I served the foregoing **DEFENDANTS' MOTION TO CONSOLIDATE CASES AND AMENDED MOTION TO DISMISS PLAINTIFFS' COMPLAINTS AND MEMORANDUM IN SUPPORT** on Plaintiff by depositing a copy of the same in the U.S. Mail, postage prepaid, to the following address:

> Ronnie C. Hogue
> 6514 Marlboro Pike
> Unit 471536
> District Heights, Maryland 20753

> */s/* Linda U. Okoukoni  \_\_\_
> Linda U. Okoukoni